FILED

Arogant Hollywood
Alison Helen Fairchild
1308 E. Colorado Blvd.
Pasadena, CA 91106
Mobile: (213) 447-8922

Email: causeofaction38@gmail.com

2017 MAR 29 PM 4:23

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

Related DDJ

**UNITED STATES DISTRICT COURT**

**DISTRICT OF THE STATE OF CALIFORNIA**

**CENTRAL DISTRICT, WESTERN DIVISION**

| | |
|---|---|
| AROGANT HOLLYWOOD,<br>ALISON HELEN FAIRCHILD,<br><br>Plaintiff(s),<br><br>vs.<br><br>CITY OF LOS ANGELES,<br>LOS ANGELES POLICE DEPARTMENT,<br>CHARLES LLOYD BECK,<br>DOES 1-10,<br><br>Defendant(s) | Case No:<br>CV17-02449-JGB(GJS)<br><br>CIVIL RIGHTS COMPLAINT |

**VERIFIED COMPLAINT FOR DAMAGES for: VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C.S. §§ 12101] VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT of 1964 [42 U.S.C.S. §§§§ 1981, 1983, 1985 & 1986 (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights) Under the Color of State Law; VIOLATION OF 4th & 14th AMENDMENTS;**

No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *United States v. Lee, 106 U.S. 196 (1882).*

This lawsuit is brought due to violations by Defendants of, inter alia, violations of Plaintiffs; constitutional civil rights. Defendants also acted under the color of state law in that they acted illegally and unlawfully according City of Los Angeles Police Department's customs, policies and practices that violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional civil rights.

Defendants' conduct is and was a pattern and practice of intentional exclusion of a African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.S. § 12203, ET SEQ., Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. §§§§ 1981, 1982, 1985, 1986 and, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild also protected under the ADA statutes of United States.

Defendants violated state laws by forcefully removing Plaintiffs from their residence in direct violation of Cal Civ Code § 1946.5. In executing forceful entry and wrongful eviction of both Plaintiffs Defendants outright violated Plaintiffs' 14th Amendment rights to not be denied real property without due process of law

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-

American. Defendants discriminated against Plaintiff Hollywood by forcefully removing Plaintiffs from a residence that they were peacefully in possession of at the time of the incident.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever., every time she attempted to request a reasonable public accommodation. Defendants intentionally discriminated against Ms. Fairchild and Defendants were grossly negligent by forcing a disabled Alison Fairchild to be kicked out of her home and become homeless for several days until she was able to find another place to live. Plaintiff Fairchild is a member of disabled persons protected under the federal laws of Title II of the American Disabilities Act of 1990.

Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities, including people of African-American descent. The American Disabilities Act of 1990 was enacted because of pervasive discrimination against disabled persons and because discrimination is "a serious and pervasive social problem… [that includes] various forms of discrimination, including outright intentional exclusion." "42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a discrete and insular minority who have been… relegated to a position of political powerlessness in our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in our society when bringing civil rights suits against corporations, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are determined to stop Defendants' discriminatory actions and omissions.

Defendants were negligent and grossly negligent by conspiring with Airbnb Inc. and Cecelia Shutan to wrongly evict Plaintiffs Arogant Hollywood and Alison Helen Fairchild

Defendants did not care that they violated California state statutes.

Defendants were deliberately indifferent to the constitutional civil rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

**FEDERAL CIVIL COMPLAINT OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD, INDIVIDUALLY**

Plaintiffs **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD** individually bring this action against Defendants city of Los Angeles, Los Angeles Police Department and DOES 1-10. The Plaintiffs hereby allege as set forth below:

**PARTIES TO THE ACTION**

1. Plaintiff **AROGANT HOLLYWOOD (hereinafter "Plaintiff Hollywood")** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Hollywood lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Arogant Hollywood was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on his rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Hollywood's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an African-American male individual over the age of 18 years-old and a resident of the state of California.

2. Plaintiff **ALISON HELEN FAIRCHILD (hereinafter Plaintiff Fairchild")** is and was a resident of Los Angeles, California at all relevant times. Plaintiff Fairchild lived at 3164 Atwater Avenue at all relevant times stated throughout this lawsuit Alison Helen Fairchild was a residential tenant at 3164 Atwater Avenue, Los Angeles, California, was current on her rent, and had an oral agreement to reside at premises on a month to month basis by Airbnb Inc. host Cecelia Shutan. Plaintiff Fairchild's residence at the time of events complained upon herein was is located at 3164 Atwater Avenue, Los Angeles, California. At all times, relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was a Caucasian female individual over the age of 18 years-old and a resident of the state of California.

3. Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

"physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

4. Defendant city of Los Angeles (hereinafter "Defendant Los Angeles") is a municipal entity with the capacity to sue and be sued. It is a Charter Law city under the laws of the State of California and under the state of California Constitution. Defendants' agencies the Los Angeles Board of Police Commissioners and the Chief of the Los Angeles Police Department are responsible for the oversight, supervision, and training of the Los Angeles Police Department ("L.A.P.D.) Defendant Los Angeles was at all relevant times the employer of Defendant Beck and DOES 1-10. The departments of City of Los Angeles include the Los Angeles Police Department, Los Angeles Fire Department, the Los Angeles Department of Transportation, the Los Angeles Public Library and the Los Angeles Department of Water and Power. Employees of Defendant L.A.P.D. have

engaged in the acts complained of herein pursuant to policies, practices and customs of the city of Los Angeles.

5. Defendant Los Angeles was at all times relevant herein a municipal entity created and authorized under the laws of the State of California.

6. Defendant CITY OF LOS ANGELES was, at all times relevant herein, authorized by law to maintain, and did maintain a police department known as the LOS ANGELES POLICE DEPARTMENT which acted as its agent in the area of law enforcement, including, without limitation, conducting investigations of and evaluating and causing charges to be brought about alleged crimes.

7. THE LOS ANGELES POLICE DEPARTMENT was, at all times relevant herein, a municipal agency of the CITY OF LOS ANGELES and was charged with the responsibility of enhancing the quality of life in the CITY OF LOS ANGELES by working in accordance with constitutional rights to enforce law.

8. Defendant Charles Llyod Beck (hereinafter "Defendant Beck") is an individual that was born and raised in Long Beach, California. Defendant Beck has been the Chief of the Los Angeles Police Department since November 2009. At all relevant times states in this lawsuit Defendant Beck was the Chief of L.AP.D. and responsible for the training, oversight and supervision of all L.A.P.D. employees.

9. Defendant Beck was, at all times relevant herein, the Chief of the LOS ANGELES POLICE DEPARTMENT and was responsible for, and the chief architect of, the polices, practices and customs of the LOS ANGELES POLICE DEPARTMENT, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers and detectives under his command.

10. At all times relevant to the subject matter of this litigation, Defendant Beck was a citizen of the United States and a resident of California and was acting under color of state law in his capacity as a law enforcement officer employed as Chief of Police at the Los Angeles Police Department.

11. At all times relevant to the subject matter of this litigation, Defendants DOES 1-10 were citizens of the United States and residents of California and were acting under color of state law in their capacities as local law enforcement officers employed as officers, corporals, sergeants, lieutenants, captains, commanders, and assistant chief of police at the Los Angeles Police Department.

12. Plaintiffs are unaware of the true names of Defendants listed as DOES 1 through 20, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this Complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this Complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

13. Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believe and thereon allege that each Defendant, including DOES 1 through 10, inclusive, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct,

and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages as alleged in this complaint were proximately caused by those defendants.

**JURISDICTION AND VENUE**

14. This action arises from a violation, inter alia, of Title II of the Americans with Disabilities Act, 42 U.S.C.S. §§ 12101 *et seq*., discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C.S. §§§ 1981, 1983, 1985 and 1986. Plaintiffs seek redress of violations of state and federal law statues where Defendants acted under the color of state law. Plaintiffs seek redress of violations of Plaintiffs constitutional civil rights, and enforcement of their federal law rights. Plaintiffs allege that Defendants, and each of them acted under the color of state law, and in addition violated Plaintiffs' rights to not be denied possession of real property without due process of law.

15. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

16. Venue is proper pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Los Angeles, within the State of California.

17. Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly been employed in the State of California.

18. To maintain an action under 42 U.S.C.S. §§§§§ 1983, 1985, 1986, 12101 & 12203. Plaintiffs Arogant Hollywood and Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Plaintiff Hollywood and Plaintiff Fairchild from seeking relief under the Civil Rights Act, when the Complaint otherwise

states a claim. See *Hazzard v. Weinberger, 383 F. Supp 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975)* or state court remedies *(Burt v. City of New York, 156 F.2d 791 (1946))*

**GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF BOTH PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD**

19. On or around March 16th 2015 Arogant Hollywood booked a room on Airbnb Inc.'s website with host Cecelia Shutan. The room was described as a private room with a separate keyed entrance and private bathroom. Plaintiff Hollywood booked the room with his prepaid credit card or the prepaid debit card of his fiancée Alison Helen Fairchild. The total cost Plaintiff Hollywood paid was $ 353.00 for six nights. The room was falsely advertised on Airbnb's website as wheelchair accessible, a private room with a keyed entrance, non-smoking and air conditioning.

20. On or around March 17th 2015 at approximately 3 p.m. Arogant Hollywood and Alison Helen Fairchild arrived at Cecelia Shutan's home located at: 3164 Atwater Avenue, in the city of Los Angeles, California. Upon arriving, Plaintiff Hollywood had to carry his fiancée Alison Fairchild upstairs on the outside and inside of Ms. Shutan's small house. There was no handicap access despite Ms. Shutan stating on her Airbnb profile that her home was wheelchair accessible. After finally entering Ms. Shutan's home she showed both Plaintiffs the room that they had not booked online on Airbnb's website. This room was extremely small and full of Ms. Shutan's furnisher, personal cosmetics and personal clothing. Throughout the house there were several photographs of a very nude Cecelia Shutan, especially in the bedroom both Plaintiffs were occupying. Ms. Shutan stated that the room Plaintiffs' booked online was already rented to another Airbnb Inc. guest so she could not rent that room to Plaintiffs.

21. On March 18th 2015 Ms. Shutan opened the door of the bedroom that Arogant Hollywood and Alison Helen Fairchild were occupying at least five times. Sometimes she needed something out of her bathroom. Other times she would enter both plaintiffs' private room to retrieve personal underwear such as bras and panties.

22. On March 19th 2015 Ms. Shutan entered both Plaintiffs' private bedroom unannounced and without permission. Ms. Shutan stated that she was just looking for some underwear. Arogant Hollywood told Ms. Shutan that she was not to enter their room without permission and prior to advanced notice. About two hours later Ms. Shutan again entered Plaintiffs' private room. This time for hygiene products out of her bathroom.

23. On March 22nd 2015 Arogant Hollywood caught Cecelia Shutan smoking a cigarette inside of her home and very close to the bedroom he was renting with his fiancée Alison Helen Fairchild. Plaintiff Hollywood stated: "What is going on" Why are you smoking in your house? Tobacco is hazardous for Alison's health." Ms. Shutan replied: "I think that I can get away with smoking one cigarette in my home." Plaintiff Hollywood then stated: "Well, you advertised in your Airbnb ad that there was no smoking allowed in your home."

24. Shortly thereafter Plaintiff Hollywood confronted Ms. Shutan about the many issues with his stay at her home. Plaintiff Hollywood told Ms. Shutan that she had falsely advertised that her home was smoke free and wheelchair accessible. Plaintiff Hollywood told Ms. Shutan that it was fraud that she stuck him and his fiancée Alison Helen Fairchild in her private bedroom just so she could rent out the private room Plaintiff Hollywood had paid for to another person that paid for the very same room outside of Airbnb Inc. Mr. Hollywood told Cecelia Shutan that she was wrong for taking money from the former Airbnb Inc. guest and giving this former guest the room that Plaintiff had previously paid for. Well after Plaintiff Hollywood had booked the room, but still before Plaintiff arrived inside of Ms. Shutan's home. Plaintiff Hollywood told Cecelia Shutan that she was illegally operating on Airbnb because she did not have a city of Los Angeles business license. Plaintiff Hollywood told Ms. Shutan that he wanted a full refund for his entire stay. Plaintiff Hollywood also told Ms. Shutan that if she tried to kick him and his fiancée out she would be sued for fraud, discrimination and forceful entry. Plaintiff Hollywood told Ms. Shutan that he and his fiancée had tenant rights to be there because she agreed to let them stay there, did not have a

business license to operate as a short-term hotel, and because Plaintiffs together made of more than one lodger. Plaintiff Hollywood also told Ms. Shutan that the only way she could have him and his fiancée lawfully removed was through an unlawful detainer proceeding.

25. On March 22nd 2015 at approximately 1 p.m. Cecelia Shutan called Airbnb Inc. and lied to them by telling them that she was very afraid of Arogant Hollywood and he had threatened to harm her.

26. On March 22nd 2015 at approximately 2 p.m. Cecelia Shutan called the Los Angeles police department and told them that Arogant Hollywood had made threats to her, and that she did not feel same with having him staying in her home.

27. On March 22nd 2015 at approximately 2:30 p.m. Los Angeles police peace officers arrived at the address of: 3164 Atwater Avenue, Los Angeles, California. The peace officers stated that Ms. Shutan told them that Plaintiff Hollywood had threatened her and that she wanted him removed from her home, and that they were there to assist with Plaintiff Hollywood's removal. Plaintiff Hollywood stated to both LAPD peace officers that he did not threaten Ms. Shutan and all communication with her the past three days was recorded. Plaintiff Hollywood told the peace officers that they could not kick him and his fiancée out. The LAPD peace officers then told Arogant Hollywood if he did not leave he would be arrested for trespassing on private property. Alison Helen Fairchild was very stressed out and told that she would also be arrested if she did not leave. During the incident, Plaintiff Fairchild had experienced shortness of breath, tightness in her chest, chest pains and severe headaches and pains. Plaintiff Fairchild was brought to tears shortly after being forced out her new place after just four short days. Plaintiff Fairchild was upset because Cecelia Shutan had promised her and Arogant Hollywood that they could stay as long as they wanted to, that she felt very comfortable with having them as guests in her house, and was willing to rent to them on a monthly basis outside of Airbnb. Plaintiff Fairchild was angry at Airbnb in assisting in her unlawful removal from Ms. Shutan's home.

28. On March 22nd 2015 both Plaintiffs ended up sleeping outside, had to leave with a suitcase and many other things to carry, and had to schedule an emergency access paratransit ride to drop off extra belongings to their Storbox self-storage unit in Pasadena.

29. On or around March 30th 2015 Arogant Hollywood received an email from Airbnb that stated that his profile was disabled and that he was no longer allowed to participate in Airbnb going forward.

**STATEMENT OF CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**

**42 U.S.C.S. § 1983**

**Fourteenth Amendment—Denial of Equal Protections of Laws**

**(Against All Defendants)**

30. Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

31. At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

32. At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

33. At all relevant times, Defendant Los Angeles, Defendant Beck and DOES 1-10 were dispatched to location: 3164 Atwater Avenue, Los Angeles, were employees of city of Los Angeles, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from the premises permanently stated herein.

34. Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

35. On information and belief, since at least March 22nd 2015, the Los Angeles Police Department has had a policy, custom or practice of assisting private citizens with wrongful evictions and forceful entries. In violation of Cal Civ Code § 1946.5 and in violation of the Fourteenth Amendment of the United States Constitution.

36. The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

37. Congress has the power to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a state and represent it in some capacity, whether they act in accordance with their authority or misuse it.

38. Congress in enacting 42 U.S.C.S. § 1983, gives a remedy to parties deprived of constitutional rights, privileges and immunities by an official's abuse of his position.

39. In the context of state law in relation to federal constitutional rights, it is no answer that the state has a law which if enforced would give relief. The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked.

40. In the context of civil rights actions, misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken

"under color of" state law. See *United States v. Classic, 313 U.S. 299 (1941); Screws v. Unites States, 325 U.S. 91 (1945).*

41. 42 U.S.C.S. § 1983 should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions. See *Monroe v. Pape, 365 U.S. 167, (1961); William v. United States, 341 U.S. 97 (1951).*

42. Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

43. Rev Stat 1979 (42 USC §`1983), giving a right of action against a person who, under color of state law, custom, usage, subject another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution, has several purposes: (1) it overrides certain kinds of state laws; (2) it provides a remedy where state law is inadequate; and (3) it provides a federal remedy where the state remedy, though adequate in there, is not available in practice.

44. Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to the extent the requirement of R.S. § 1979. See *Douglas v. Jeannette, 319 U.S. 157, 161-162 (1943).*

45. No specific intent to deprive a person of a federal right is necessary to create liability under Rev Stat 1979 (42 USC § 1983), which gives a right of action against a person who, under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

46. A cause of action under Rev Stat 1979 (42 USC § 1983), giving a right of action against a person who, under color of state law, custom, or usage, subjects another to deprivation of any rights, privileges, or immunities secured by the Federal Constitution, is stated by Plaintiffs Arogant Hollywood and Alison Helen Fairchild in this civil rights complaint against Los Angeles Police Department law enforcement officers in which it is alleged that these local law enforcement officers assistant and used force to wrongly evict and remove Plaintiffs Arogant Hollywood and Alison Helen Fairchild from their residence.

47. Defendant Los Angeles, Defendants L.A.P.D., Defendant Beck and DOES 1-10, were deliberately indifferent to the constitutional civil rights of Plaintiffs Hollywood and Fairchild by denying Plaintiffs real property without due process of law.

48. Defendant Los Angeles, Defendants L.A.P.D., Defendant Beck and DOES 1-10 were deliberately indifferent to the constitutional civil rights of Plaintiffs by assisting Cecelia Shutan and Airbnb Inc. with a wrongful eviction in violation of Cal Civ Code § 1946.5.

49. Defendant Los Angeles, Defendants L.A.P.D., Defendant Beck and DOES 1-10 were deliberately indifferent to the constitutional civil rights of Plaintiffs by assisting with the forceful entry of Plaintiffs' residence.

50. In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See *Oklahoma v. Tuttle, 471 U.S. 808, 822-823 (1985).*

51. Assisting private citizens with wrongful evictions is a custom, policy or practice of Defendant Los Angeles and Defendant L.A.P.D., and a driving force behind Plaintiffs Hollywood and Fairchild's constitutional civil rights violations described herein.

52. Assisting private citizens with unlawful forceful entries is a custom, policy or practice of Defendant Los Angeles and Defendant L.A.P.D., and a driving force behind Plaintiffs Hollywood and Fairchild's constitutional civil rights violations described herein.

53. Failure to discipline employees who have intentionally violated constitutional civil rights of African-American citizens is a custom, policy or practice of Defendant Los Angeles and Defendant L.A.P.D., and a driving force behind Plaintiff Hollywood's constitutional civil rights violations as described herein.

54. Failure to discipline employees who have intentionally violated constitutional civil rights of disabled/handicapped persons is a custom, policy or practice of Defendant Los Angeles and Defendant L.A.P.D., and a driving force behind Plaintiff Fairchild's constitutional civil rights violations as described herein.

55. Defendant Los Angeles' custom, policy and practices of defending the conduct, failing to discipline, timely discipline, consistently and publicly exonerating and maintaining the employment of employees that engage in unconstitutional behavior, including but not limited to those law enforcement officers involved in the Jose Mendez, Kevin Ferguson, Elvin Andre Gilbert, David Allen Jones, Carl Mitchell, Michael Escobedo, Salvador Roque, Judy Coleman, Christian Dorscht and Oscar Ovidio Diaz incidents were a driving force behind Plaintiff Hollywood's constitutional civil rights violations described herein.

56. The acts and omissions of Defendants were engaged in pursuant to the custom, policy, and practice of Defendant Los Angeles, and its agency, Defendant L.A.P.D., which encourages, condones, tolerates, and ratifies the constitutional violations described herein.

57. Defendants, by and through their official duties, failed to and continue to fail to properly train, supervise, monitor and/or discipline their employees regarding violations of United States citizens' constitutional rights, are a custom and policy of Defendant Los Angeles since at least 1984. By Defendant Los Angeles maintaining a custom, policy or practice of allowing its law enforcement officers to show deliberate indifference towards the constitutional rights of United States citizens on numerous occasions over three decades, Defendant Los Angeles has a history of being deliberately indifferent to the constitutional civil rights of United States citizens.

58. The inadequate training, supervision, monitoring and/or discipline results from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants.

59. In light of the duties and responsibilities of the Los Angeles Police Department who exercise control over the policing and detaining of individuals within the city limits of Beverly Hills, the need for scrutiny in specialized training, supervision, monitoring and/or discipline regarding prevention of unlawful infringement upon the federal rights of United States citizens is so obvious, and the inadequacy of appropriate training, supervision, monitoring and/or discipline is so likely to result in the the violation of constitutional rights, such as those described herein, that the Defendants are liable for their failure to appropriately train, supervise, monitor and/or discipline Defendant Los Angeles' personnel. Such failure to properly train and supervise their employees was and continues to be the moving force and proximate cause of the violation of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional rights and the rights of all other similarly situated United States citizens who have been mistreated by Defendant Los Angeles since at least 1984.

60. The acts or omissions of each Defendant were the legal and proximate cause of Plaintiffs Hollywood and Fairchild's damages in that they wrongly evicted Plaintiffs and forcefully entered their residence even though Defendants knew that they were violating Plaintiffs' rights.

61. As a direct and proximate cause and consequences of the unconstitutional policies, procedures, customs, and/or practices described above, Plaintiffs Hollywood and Fairchild suffered a loss of real property rights and became homeless on the streets for several days.

62. Defendants' malicious conduct in violating Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil right was wanton and willful and was so intolerable to society's standards of fundamental fairness that it violated Plaintiffs' Fourteenth Amendment right not be deprived of life and real property without due process of law.

63. **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Los Angeles, Defendant L.A.P.D., and DOES 1-10 on the first claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiffs Arogant Hollywood and Alison Helen Fairchild for their damages, together with costs and attorneys' fees in this action.

## SECOND CLAIM FOR RELIEF

## 42 U.S.C.S. §§ 1985 & 1986—Conspiracy to Interfere with Civil Rights

## (Against All Defendants)

64. Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

65. At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

66. At all relevant times, Defendant Los Angeles, Defendant Beck and DOES 1-10 were dispatched to location: 3164 Atwater Avenue, Los Angeles, were employees of city of Los Angeles, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from the premises permanently stated herein.

67. Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

68. On information and belief, since at least March 22nd 2015, the Los Angeles Police Department has had a policy, custom or practice of assisting private citizens with wrongful evictions and forceful entries. In violation of Cal Civ Code § 1946.5 and in violation of the Fourteenth Amendment of the United States Constitution.

69. 42 U.S.C.S. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.

70. Plaintiff Arogant Hollywood is an African-American citizen of the United States and all of the individual Los Angeles Department law enforcement officers to this claim are persons for purposes of 42 U.S.C.S. § 1983.

71. Plaintiff Alison Helen Fairchild is a Caucasian disabled citizen of the United States and all of the individual Los Angeles Department law enforcement officers to this claim are persons for purposes of 42 U.S.C.S. § 1983.

72. Any reasonable police officer, including the Los Angeles Police Department Defendants in this case, knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time Plaintiffs Arogant Hollywood and Alison Helen Fairchild were wrongly evicted and Defendants forcefully entered their residence without cause of justification of any state law, and Defendants acted under the color of state law of inadequate city ordinance or code.

73. 42 U.S.C.S. § 1985(3) provides citizens with a cause of action against private conspiracies to violation of constitutional rights. No state action prerequisite exists for such lawsuits.

74. Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges a conspiracy to interfere with their civil rights under 42 U.S.C.S. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id.* It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971)).*

75. Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

76. Plaintiffs Arogant Hollywood and Alison Helen Fairchild allege that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights in violation of 42 U.S.C.S. § 1985.

77. Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C.S. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African-American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

78. Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C.S. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the American Disabilities Act of 1990, entitled to the equal protection of federal laws, and entitled to equal privileges and immunities under federal laws.

79. As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild. All individual Los Angeles Police Department Defendants violated § 1985 by each of them participating in plans and conspiracies to evict Plaintiffs, and Defendants made plans to create an unlawful forceful entry, and Defendants therefore committed trespass and acted under the color of state law, by doing all of the above, Defendants intentionally violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights pursuant to 42 U.S.C.S. § 1985(3), and all of these evil, cruel, malicious, and intentional acts were done solely, and specifically based on Plaintiff Hollywood's race, and based on Plaintiff Fairchild's disability.

80. Each act done in pursuance of the conspiracy by one of several conspirators is, in contemplation of law, an act for which each is jointly and severally liable, and this liability applies to damages accruing prior to the person's joining the conspiracy or thereafter and regardless of

whether the person took a prominent or an inconspicuous part in the execution of the conspiracy. (Am. Jur. 2d Conspiracy §§ 70, 71).

81. A civil conspiracy is a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. The conspiratorial agreement need not be in any particular form, and need not extend to all the details of the conspiratorial scheme, so long as its primary purpose is to cause injury to another/Plaintiff Arogant Hollywood. The gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement and its execution. This cause of the action is not created by the conspiracy, but by the wrongful acts done by Defendant Los Angeles, and its agency, the Los Angeles Police Department to the injury of Plaintiffs Arogant Hollywood and Alison Helen Fairchild. (Am. Jur. Pleading and Practice Forms, Conspiracy § 7).

82. A conspiracy may be proved by circumstantial evidence. This is because people who engage in such agreements may not voluntarily proclaim to others their purpose, therefore, a reasonable person/mind may draw on circumstantial evidence to determine whether or not a conspiracy did exist.

83. A conspiracy may be established by interference from the nature of the acts complained of; the individual and collective interests of the alleged conspirators, the situation and relation of the parties at the time of the commission of the acts, the motives that produced them, and all of the surrounding circumstances preceding and attending the culmination of the common plan or design. (Am. Jur. Pleading and Practice Forms, Conspiracy § 8).

84. The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiffs Arogant Hollywood and Alison Helen Fairchild as described in this Complaint.

85. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that all Defendants combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

86. Defendant Los Angeles, and its agency, Defendant LAPD, conspired, combined, and agreed with each other and other individuals, not named as defendants, for the purpose of impeding, hindering, obstructing, or defeating the due course of justice, with intent to assist in a wrongful eviction of Plaintiffs, in direct violation of Plaintiffs' constitutional Fourteenth Amendment rights

87. Defendant Los Angeles, and its agency, the Los Angeles Police Department conspired, combined, and agreed with each other and other individuals and other institutions, including but not limited to the Airbnb Corporation, and other individuals, not named as defendants, to specifically deprive Plaintiffs Arogant Hollywood and Alison Helen Fairchild of their right to the establishment of their rights to hold real property in their possession without denial of such, secured under the Fourteenth Amendment and Plaintiffs should not have been stripped of real property rights without due process of the law and their rights under the Fourteenth Amendment and Defendants conspired to deprive Plaintiffs of real property in furtherance of that combination or agreement. Defendant Los Angeles, and its agency, the Los Angeles Police Department, acted with a specific intent to deprive Plaintiffs Arogant Hollywood and Alison Helen Fairchild of such constitutional rights.

88. Defendant city of Los Angeles, and its agency, the Los Angeles Police Department, had an understanding and/or implicit agreement that the City would not aggressively enforce policies which purport to prohibit the violations of constitutional rights of people with whom they interact, and that any deception on the part of individual law enforcement officers in attempting to cover up unconstitutional conduct will not be disciplined. This agreement between Defendant Los Angeles, and its agency, Defendant LAPD, to allow such unconstitutional behavior on the part of its law enforcement officers despite explicit policies, regulations, and laws prohibiting such conduct is supported and furthered by other entities within the municipality of Los Angeles, including but not

limited to Los Angeles Fire Department, Los Angeles Department of Transportation, as well as by other city of Los Angeles agencies.

89. The actions of Defendant Los Angeles, and its agency, the Los Angeles Police Department, as described herein deprived Plaintiffs Arogant Hollywood and Alison Helen Fairchild of the rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused both Plaintiffs other damages.

90. Each Defendant conspirator is jointly and severally liable for all damages resulting from the conspiracy, and where that conspiracy is proven, any act done by any one of the two or more persons so conspiring, in furtherance of the common design and in accordance with the general plan, becomes the act of all, and each conspirator is responsible for such act. It is not necessary, in order to establish the liability of a participant in an unlawful conspiracy, to show that such person was a party to its contrivance at its inception. In other words, a conspiracy may start with a few participants and then add others as it progresses. If so, the conspirator who becomes a part of the conspiracy at or near the end is just as responsible for the damage that results as the one who was in it at the beginning. The actual time when any of them might have come into understanding makes no difference. Therefore, when it is shown that the individual who came in at a later date knew of the unlawful design and willfully aided in its execution, such individual is chargeable with the consequences that flowed from the unlawful design.

91. For these reasons, all Defendants are liable for violation of 42 U.S.C.S. § 1985.

92. As a direct result of Defendants' unlawful conduct, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiffs have incurred

special damages in amounts to be established at trial. Plaintiffs are further entitled to attorney's fees and costs pursuant to 42 U.S.C.S. § 1988, pre-judgment interest and costs as allowed by federal law.

93. **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Los Angeles, Defendant L.AP.D., Defendant Beck and DOES 1-10, on the second claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiffs Arogant Hollywood and Alison Helen Fairchild for their damages, together with costs and attorneys' fees in this action.

**THIRD CLAIM FOR RELIEF**

**42 U.S.C.S. §§§ 1983, 1985 & 1986—Neglect to Prevent Conspiracy**

**(Against City of Los Angeles, Los Angeles Police Department, Defendant Beck,)**

**(Defendant DOES 1-10)**

94. Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

95. At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

96. At all relevant times, Defendant Los Angeles, Defendant Beck and DOES 1-10 were dispatched to location: 3164 Atwater Avenue, Los Angeles, were employees of city of Los Angeles, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from the premises permanently stated herein.

97. Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

98. On information and belief, since at least March 22nd 2015, the Los Angeles Police Department has had a policy, custom or practice of assisting private citizens with wrongful evictions and forceful entries. In violation of Cal Civ Code § 1946.5 and in violation of the Fourteenth Amendment of the United States Constitution.

99. 42 U.S.C.S. § 1983 provides that:

Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding to redress…

100. Plaintiffs in this action are citizens of the United States and all of the individual police officer Defendants to this claim are persons for purposes of 42 U.S.C.S. § 1983.

101. Defendant city of Los Angeles, and its agency, the Los Angeles Police Department, had knowledge that the wrongs conspired to be done, as described in this Complaint, were about to be committed. Defendants had the power to prevent or aid in preventing the commission of those wrongs, neglected or refused to prevent the commission of those wrongs, and could have, by reasonable diligence, prevented those wrongs.

102. Defendant city of Los Angeles, and its agency, the Los Angeles Police Department, knew that conspiring to cover up their constitutional actions is illegal, but did so anyway, causing injuries, damages, and losses to Plaintiff.

103. The custom, policy, and practice of Defendant Los Angeles, and its agency, the Los Angeles Police Department, encourages, condones, tolerates, and ratifies the unlawful conduct by its Los

Angeles Police Department local law enforcement officer Defendants, by neglecting or refusing to prevent such unlawful conduct, as described herein.

104. This custom, policy, and practice of neglect on the part of Defendant Los Angeles, and its agency, the Los Angeles Police Department was the moving force behind and the proximate cause of the violations to Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional civil rights.

105. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that 42 U.S.C.S. § 1986 creates a cause of action for their and its failure to prevent a conspiracy within the meaning of 42 U.S.C.S. § 1985:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C.S. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented.

106. An essential element of a claim under 42 U.S.C.S. § 1986 is the existence of a § 1985(3) claim. *Williams v. St. Joseph Hospital, 629 F.2d 448, 451-452 (7th Cir. 1980)*.

107. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendant Los Angeles and its agency, the Los Angeles Police Department, did, in violation of 42 U.S.C.S. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of one or more of the Defendants, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly, Plaintiffs Arogant Hollywood and Alison Helen Fairchild as a member of the African-American/black class of persons and ADA

citizens of America, and a member of a protected class of American citizens who are entitled to equal privileges and immunities under the federal laws and the United States Constitution.

108. Defendant Los Angeles and its agency, Defendant L.AP.D., conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by having a mutual agreement with private citizens Cecelia Shutan and United States corporation Airbnb Inc. to execute a forceful entry and wrongful eviction without either Plaintiff receiving due process of law.

109. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants, and each of them, had knowledge of the § 1985 conspiracy(ies), the power to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild, and neglected or refused to protect Plaintiffs, and because of this, Defendants, and each of them, are liable under § 1986. Further, at least one or more of Defendants were bystanders who many not themselves have been conspirators under § 1985, yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. See *Clark v. Clabaugh, 20 F.3d 1290, 1298 (3d Cir. 1994) (finding that negligence is sufficient to maintain § 1986).*

110. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiffs' civil rights on at least one, if not more, occasion. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that the facts, evidence and legal conclusions alleged in this Complaint demonstrate that at least one or more of Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants neglected or refused to prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

111. For these reasons, each Defendant Los Angeles and its agency, the Los Angeles Police Department are liable under 42 U.S.C.S. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh, 20 F.3d 1290 (3d Cir. 1994) at 1298.*

112. As a direct result of Defendants' unlawful conduct, Plaintiffs have suffered actual physical and emotion injuries, and other damages and losses as described herein entitling them to compensatory and special damages. Plaintiffs Arogant Hollywood and Alison Helen Fairchild are further entitled to attorney's fees and costs pursuant to 42 U.S.C.S. § 1988, pre-judgment interest and costs as allowable by federal law.

113. WHEREFORE, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Los Angeles, Defendant L.A.P.D., Defendant Beck and DOES 1-10 on the third claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiffs Arogant Hollywood and Alison Helen Fairchild Hollywood for their damages, together with costs and attorneys' fees in this action.

**FOURTH CLAIM FOR RELIEF**

**42 U.S.C.S. § 1983—Deliberate Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendment and in violation 42 U.S.C.S. § 1981**

***Monell* Claim Against the Municipal Defendant City of Los Angeles**

114. Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

115. At all relevant times stated in this lawsuit Arogant Hollywood and Alison Helen Fairchild were paying residential tenants of AIRBNB INC. location 3164 Atwater Avenue, and both Plaintiffs were current on their rent at the time of forceful entry and wrongful eviction.

116. At all relevant times, Defendant Los Angeles, Defendant Beck and DOES 1-10 were dispatched to location: 3164 Atwater Avenue, Los Angeles, were employees of city of Los Angeles, and were fully involved with the interest of having Plaintiffs Alison Helen Fairchild and Arogant Hollywood discriminated against and removed from the premises permanently stated herein.

117. Defendants were acting under color of state law in their actions and inactions at all times relevant to this action.

118. No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *United States v. Lee, 106 U.S. 196 (1882).*

119. A finding of culpability simply cannot depend on the mere probability that any inadequately screened officer will inflict any constitutional injury. Rather, it must depend on a finding that the officer was likely to inflict the particular injury suffered by the plaintiff. See *Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520, U.S. 397 (1997)*

120. We conclude, therefore, that a government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity, is responsible under § 1983. Since this case unquestionably involves official policy as the moving force of the constitutional violation found by the District court, see *supra at 436 U.S. 660-662*, we must reverse the judgment below. *Monell v. New York City Dept. of Social Servs., 436 U.S. 694-695 (1978).*

121. Liability can only be placed on a municipality if the municipality's deliberate actions were attributable to the municipality itself and the moving force behind the plaintiff's deprivation of

federal rights. See *Board of the County Commissioners of Bryan County, Oklahoma v. Brown, 520, U.S. 397, 400 (1997)*

122. It may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious.... that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." See *City of Canton, Ohio v. Harris, 489 U.S. 378 (1989).*

123. The Sixth Circuit held that where a plaintiff proves that a municipality, acting recklessly, intentionally, or with gross negligence, has failed to train its police force—resulting in a deprivation of constitutional right that was "substantial certain to result"—1983 permits that municipality to be held liable for its actions. See *City of Canton, Ohio v. Harris, 489 U.S. 378, 382 (1989)*

124. Plaintiffs Arogant Hollywood and Alison Helen Fairchild had the following clearly established rights at the time of the complained conduct:

a. the right to be free seizure of real property without due process of law, under the Fourth Amendment of the United States Constitution;
b. the right to not be denied real property without due process of law, under the Fourteenth Amendment of the United States Constitution;
c. the right to be free from mistreatment and discrimination on the basis of Plaintiffs' race and disability in violation of Title VI of Civil Rights Act of 1964, and in violation of Title II of the American Disabilities Act of 1990;

125. Defendant city of Los Angeles, through its Police Department and Police Charles Lloyd Beck, had in effect, both before and at the time of the events alleged in this complaint, several interrelated *de facto* policies, practices and customs, including *inter alia*:

a. a policy, practice and custom of discriminating against disabled, handicapped persons;

b. a policy, practice and custom of discriminating against African American United States citizens;

c. a policy, practice and custom of failing to properly train or supervise officers in the proper technique of handling private citizens' requests to evict and/or remove tenants without due process of law

d. a policy, practice and custom of allowing and condoning its L.A.P.D. law enforcement officers to assist in wrongful evictions and forceful removal of United States citizens;

e. a policy, practice and custom of failing to properly train or supervise officers in the proper technique of respecting the constitutional civil rights of African-American/black U.S. citizens;

f. a policy, practice and custom of failing to properly train or supervise officers in the proper technique of respecting the constitutional civil rights of disabled/handicapped United States Citizens;

g. a policy, practice and custom of mistreating African-American citizens compared to their white counterparts;

h. a policy, practice and custom of mistreating disabled/handicapped United States citizens compared to their non-disabled counterparts;

i. a policy, practice and custom of failing to properly discipline officers who violate the United States Constitution or law, or otherwise transgress the rights of United States Citizens;

j. a policy, practice and custom of creating local city ordinance and municipal statues that are and or were clear violations of the constitutional rights of United States citizens;

126. These interrelated policies, practices and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's constitutional civil rights violations and injuries, as set forth above.

127. These interrelated policies, practices and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiff Hollywood, and violated his civil rights guaranteed by the United States Constitution.

128. These interrelated policies, practices and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiff Fairchild, and violated her civil rights guaranteed by the United States Constitution.

129. The existence of these interrelated policies, practices and customs can be inferred from numerous incidents reflecting a pattern of Los Angeles Police Department's police misconduct like that alleged herein.

130. The existence of these interrelated policies, practices and customs can be inferred from the fact that the incidents of police misconduct alleged herein were authorized by individuals with policymaking authority in the Los Angeles Police Department.

131. Charles Lloyd Beck, A Police Chief of the city of Los Angeles since 2009, was, by operation of law and a matter of fact, the final decision-maker for Los Angeles Police Department with regards to investigative, arrest, custodial, and administrative acts, omissions, and decisions which he made or participated in, as alleged above.

132. These acts by Defendants Los Angeles Police Department local law enforcement officers directly and proximately caused the constitutional civil rights violations and injury to Plaintiffs

Arogant Hollywood and Alison Helen Fairchild, and are directly chargeable to the Defendant city of Los Angeles.

133. Defendants are not entitled to immunity for the complained of conduct.

134. Defendant City of Los Angeles was at all times relevant to this civil rights complaint, policymakers for the City of Los Angeles and the Los Angeles Police Department, and in that capacity established policies, procedures, customs, and/or practices for the Los Angeles Police Department.

135. Defendant City of Los Angeles has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and/or practices for the Los Angeles Police Department, and/or failed to properly train and/or supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild and of the public.

136. In light of the duties and responsibilities of those police officers that participate in assisting with forceful entries and wrongful evictions, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal civil rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

137. The deliberate indifference to training and supervision by Defendant City of Los Angeles resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City of Los Angeles and were the moving forces in the constitutional and federal violations complained of by Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

138. As direct result of Defendants' unlawful conduct, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered actual physical and emotional injuries, and other damages and losses as described herein entitling them to compensatory and special damages. Plaintiffs Arogant Hollywood and Alison Helen Fairchild are further entitled to attorney's fees and costs pursuant to 42 U.S.C.S. § 1988., pre-judgment interest and costs as allowable by federal law.

139. **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendant Los Angeles on the fourth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiffs Arogant Hollywood and Alison Helen Fairchild for their damages, together with costs and attorneys' fees in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild respectively prays for judgment on the above-alleged causes of action against Defendants Airbnb Inc. as follows:

1. Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;
2. Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;
3. Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES

1-10 for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendant from future discriminatory behavior;

4. Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendants from future discriminatory behavior;

5. Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper;

6. Pursuant to 42 U.S.C.S. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

7. Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Mr. Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

8. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for being deprived of her right to live at 3164 Atwater Avenue, Los Angeles, CA, by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10 because of her perceived disability, including damages for fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury;

9. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for being deprived of his right to live at 3164 Atwater Avenue, Los Angeles, CA 91605, because of his perceived race, color, national origin, ethnicity, or ancestry,

including damages for fear, humiliation, embarrassment, mental anguish, pain and suffering, inconvenience, and financial injury;

10. Award both Plaintiffs statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10 for their malicious, willful, wanton, callous, and reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1968 and American Disabilities Act of 1990, in the future;

11. Pursuant to 42 U.S.C.S. § 1983, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

12. Pursuant to 42 U.S.C.S. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

13. Pursuant to 42 U.S.C.S. § 1985, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

14. Pursuant to 42 U.S.C.S. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

15. Pursuant to 42 U.S.C.S. § 1986, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

16. Pursuant to 42 U.S.C.S. § 1986, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's misconduct alleged in this Complaint;

17. Pursuant to 42 U.S.C.S. § 1983, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendants from future unconstitutional behavior;

18. Pursuant to 42 U.S.C.S. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants city of Los Angeles, L.A.P.D., Charles Lloyd Beck and DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in the Complaint and that would effectively deter Defendants from future unconstitutional behavior;

19. Award Plaintiff Arogant Hollywood compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of real property without due process of law, and other pain and suffering on all claims allowed by the law in an amount of $ 1,000,000, or such greater amount as may be set by a jury;

20. Award Plaintiff Alison Helen Fairchild compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, loss of real property,

and other pain and suffering on all claims allowed by the law in an amount of $ 1,000,000, or such greater amount as may be set by a jury;

21. Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest;

22. Award Plaintiff Arogant Hollywood prejudgment and post-judgment interest;

23. Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Alison Helen Fairchild her reasonable attorneys' fees and costs;

24. Pursuant to 42 U.S.C. § 1981, *et seq*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Arogant Hollywood his reasonable attorneys' fees and costs; and

25. Order all other and further relief as the Court may deem equitable, just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

Plaintiff Arogant Hollywood demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

**DATED:** March 29th 2017

Arogant Hollywood

**Arogant Hollywood**

Alison Helen Fairchild

**Alison Helen Fairchild**

**VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD**

United States of America
State of California
City of Los Angeles, California, Within the County of Los Angeles

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, AROGANT HOLLYWOOD, am the lead plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES for: VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C.S. § 12101] VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT of 1964 [42 U.S.C.S. §§§§ 1981, 1983, 1985 & 1986 (conspiracy to interfere with civil rights); 42 U.S.C.S. § 1986 (neglect to prevent deprivation of rights) Under the Color of State Law; VIOLATION OF 4th & 14th AMENDMENTS;** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED: March 29th 2017

Arogant Hollywood

**Arogant Hollywood, Plaintiff in Lawsuit**

**VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD**

United States of America

State of California

City of Los Angeles, California, Within the County of Los Angeles

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, ALISON HELEN FAIRCHILD, am a plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES for: VIOLATION OF TITLE II OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C.S. §§ 12101] VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT of 1964 [42 U.S.C.S. §§§§ 1981, 1983, 1985 & 1986 (conspiracy to interfere with civil rights); 42 U.S.C.S. § 1986 (neglect to prevent deprivation of rights) Under the Color of State Law; VIOLATION OF 4th & 14th AMENDMENTS;** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED: March 29, 2017

Alison Helen Fairchild

**Alison Helen Fairchild, Plaintiff in Lawsuit**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☒ )

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT,
CHARLES LLYOD BECK
DOES 1-10

(b) County of Residence of First Listed Plaintiff LOS ANGELES
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

(c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multidistrict Litigation - Transfer ☐ 8. Multidistrict Litigation - Direct File

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☐ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ 2,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

U.S.C.S. §§§§ 1983, 1985, 1986, & 12101

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/Etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Org.
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Info. Act
- ☐ 896 Arbitration
- ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
- ☐ 153 Recovery of Overpayment of Vet. Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpratice
- ☐ 365 Personal Injury-Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 American with Disabilities-Employment
- ☐ 446 American with Disabilities-Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus/Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405 (g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV17-02449

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| **QUESTION A: Was this case removed from state court?** ☐ Yes ☒ No | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| If "no, " skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| **QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?** ☐ Yes ☒ No | | |
|---|---|---|
| If "no, " skip to Question C. If "yes," answer Question B.1, at right. | **B.1.** Do 50% or more of the defendants who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question B.2. |
| | **B.2.** Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?** ☐ Yes ☒ No | | |
|---|---|---|
| If "no, " skip to Question D. If "yes," answer Question C.1, at right. | **C.1.** Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.? *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Continue to Question C.2. |
| | **C.2.** Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.) *check one of the boxes to the right* → | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there. |
| | | ☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| **QUESTION D: Location of plaintiffs and defendants?** | **A.** Orange County | **B.** Riverside or San Bernardino County | **C.** Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | ☐ | ☐ | ☒ |

| **D.1. Is there at least one answer in Column A?** | **D.2. Is there at least one answer in Column B?** |
|---|---|
| ☐ Yes ☒ No | ☐ Yes ☒ No |
| If "yes," your case will initially be assigned to the SOUTHERN DIVISION. | If "yes," your case will initially be assigned to the EASTERN DIVISION. |
| Enter "Southern" in response to Question E, below, and continue from there. | Enter "Eastern" in response to Question E, below. |
| If "no," go to question D2 to the right. → | If "no," your case will be assigned to the WESTERN DIVISION. Enter "Western" in response to Question E, below. ↓ |

| **QUESTION E: Initial Division?** | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: → | WESTERN |

**QUESTION F: Northern Counties?**

Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? ☐ Yes ☒ No

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed **in this court**? [X] NO [ ] YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Is this case related (as defined below) to any civil or criminal case(s) previously filed **in this court**?

[ ] NO [X] YES

If yes, list case number(s): Hollywood v. Airbnb Inc.

**Civil cases** are related when they (check all that apply):

[X] A. Arise from the same or a closely related transaction, happening, or event;

[X] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges.

Note: That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**A civil forfeiture case and a criminal case** are related when they (check all that apply):

[ ] A. Arise from the same or a closely related transaction, happening, or event;

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. Involve one or more defendants from the criminal case in common and would entail substantial duplication of labor if heard by different judges.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** Arogant Hollywood [signature] DATE: MARCH 29TH 2017

**Notice to Counsel/Parties:** The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD

*Plaintiff(s)*

v.

CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT,
CHARLES LLYOD BECK
DOES 1-10

*Defendant(s)*

Civil Action No. CV17-02449-JGB(GJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CHARLES LLYOD BECK
L.A.P.D. HEADQUARTERS
100 WEST 1st STREET
LOS ANGELES, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: AROGANT HOLLYWOOD
1308 EAST COLORADO BLVD.
PASADENA, CALIFORNIA
(213) 447-8922
causeofaction38@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* __________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* __________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* __________
__________ , a person of suitable age and discretion who resides there,
on *(date)* __________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* __________ , who is
designated by law to accept service of process on behalf of *(name of organization)* __________
__________ on *(date)* __________ ; or

❒ I returned the summons unexecuted because __________ ; or

❒ Other *(specify)*:

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD

*Plaintiff(s)*

v.

CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT,
CHARLES LLYOD BECK
DOES 1-10

*Defendant(s)*

Civil Action No. CV17-02449-JGB(GJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LOS ANGELES POLICE DEPARTMENT
L.A.P.D. HEADQUARTERS
100 WEST 1st STREET
LOS ANGELES, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: AROGANT HOLLYWOOD
1308 EAST COLORADO BLVD.
PASADENA, CALIFORNIA
(213) 447-8922
causeofaction38@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________

was received by me on *(date)* ______________ .

❒ I personally served the summons on the individual at *(place)* ______________________________

______________________________ on *(date)* ______________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ______________

______________________________ , a person of suitable age and discretion who resides there,

on *(date)* ______________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is

designated by law to accept service of process on behalf of *(name of organization)* ______________

______________________________ on *(date)* ______________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD

*Plaintiff(s)*

v.

CITY OF LOS ANGELES,
LOS ANGELES POLICE DEPARTMENT,
CHARLES LLYOD BECK
DOES 1-10

*Defendant(s)*

Civil Action No. CV17-02449-JGB(GJS)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* CITY OF LOS ANGELES
OFFICE OF THE CITY CLERK
210 N. SPRING STREET
LOS ANGELES, CA 90012

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: AROGANT HOLLYWOOD
1308 EAST COLORADO BLVD.
PASADENA, CALIFORNIA
(213) 447-8922
causeofaction38@gmail.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ______________________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ______________________________
______________________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ______________________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
______________________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ______________________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc: